# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENAPU NENA MUDUNG,<br><br>    Petitioner,<br><br>    v.<br><br>ICE,<br><br>    Respondent. | Case No. 1:18-cv-01140-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>(ECF No. 7) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On August 23, 2018, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). According to the petition, an order for Petitioner's removal was issued on December 2, 2008.[1] (Id. at 1).[2] Petitioner claims he was prepared to be removed in 2008, but Sudan did not issue Petitioner a travel document. Thus, Petitioner was released on supervision within ninety days of the order of removal. (ECF No. 1 at 3). The petition asserts that Petitioner has been held in detention by immigration officials since February 28, 2018, and has not received an answer

---

[1] The Court notes that according to the Order of Supervision, the date of the final order of removal was January 8, 2009. (ECF No. 7-1 at 1).

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

regarding whether he will be removed or released on supervision. (ECF No. 1 at 2, 7). On October 10, 2018, Respondent filed a motion to dismiss the petition as moot because Petitioner has been released on supervision. (ECF No. 7). Petitioner has not filed an opposition, and the time to do so has passed.

## II.

## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (quoting <u>Lewis</u>, 494 U.S. at 477).

In the petition, Petitioner requests release on supervision or removal to North Sudan. (ECF No. 1 at 8). On October 3, 2018, Petitioner was released on an order of supervision. (ECF No. 7-1). Given that Petitioner has received the remedy to which he would have been entitled had this Court rendered a favorable judicial decision on his petition, the Court finds that no case or controversy exists. <u>See</u> <u>Abdala v. INS</u>, 488 F.3d 1061, 1064 (9th Cir. 2007) (noting that "a petitioner's release from detention under an order of supervision 'moot[ed] his challenge to the legality of his extended detention'" (alteration in original) (quoting <u>Riley v. INS</u>, 310 F.3d 1253, 1256–57 (10th Cir. 2002))).

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 7) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as moot.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304

of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14)** days after service of the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 19, 2018**

UNITED STATES MAGISTRATE JUDGE